IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 03-277 |
| | ) | |
| v. | ) | Judge Standish |
| | ) | Magistrate Judge Caiazza |
| PA. DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendants' Motion for Summary Judgment (Doc. 83) be granted.

#### II. REPORT

**A. History**

Former state prisoner Harold Hunt ("Hunt" or "the Plaintiff") filed this civil rights action nearly two years after his release from custody on January 12, 2001. The named Defendants were involved in his medical care and/or custody from June 1997 through January 8, 2001, four days prior to his release. *See* Doc. 33 at ¶ 8.

Hunt's Complaint was filed on January 10, 2003. Certain Defendants moved for a more definite statement, *see* Doc. 29, and Hunt filed an "Answer" clarifying the time frame of the alleged wrongs (*i.e.*, June 1997 to January 8, 2001).

*See* Doc. 33 at ¶¶ 4 & 8. Several of the Defendants thereafter filed a Motion to Dismiss, arguing that the Plaintiff's claims were time-barred on the face of the Complaint.[1] In response, Hunt argued that the Defendants' conduct "continued to January 12, 2001." *See* Doc. 41 at 1. The court found this a deliberate manipulation of the Plaintiff's allegations, and dismissed Hunt's case as barred by the statute of limitations. *See* Doc. 56.

The Court of Appeals for the Third Circuit remanded, concluding that the statute of limitations could not be addressed in a motion to dismiss because it did not clearly appear on the face of the Complaint that Hunt's claims were time-barred. *See* Attachment 1 to Doc. 69 (Opinion of 3d Cir. Court, holding Plaintiff should enjoy benefit of more recent allegations that conduct continued until Jan. 12, 2001). In so ruling, the Court declined to address the merits of the statute of limitations defense or the applicability of the "continuing violations" theory. *Id.* at 5-6, n.4 & n.5.

The Defendants now have filed a Motion for Summary Judgment, again asserting that Hunt's action is time-barred. *See* Doc. 83. The Plaintiff has responded, *see* Docs. 96 & 97, and he is aware

---

1. The Plaintiff's claims are subject to a two-year statute of limitations. See <u>Smith v. Holtz</u>, 87 F.3d 108, 111 n.2 (3d Cir. 1996) (two-year limitations period applies to Section 1983); <u>Hartman v. Sterling, Inc.</u>, 2003 WL 22358548, *14 (E.D. Pa. Sept. 10, 2003) (same for claims of intentional infliction of emotional distress). Thus, the focus here will be on actions occurring on or after January 10, 2001.

from the Circuit Court's opinion that he must allege conduct post-dating January 10, 2001. In his affidavit, however, Hunt does not specify dates. He claims to have been taken off INH medication[2] beginning in 1998, and, as a consequence, he suffered infections from 1998 "until 2001." *See* Ex. 1 to Doc. 96 at ¶ 10. No mention is made of an event occurring on or after January 10, 2001.

Hunt also has filed a "Statement of Disputed Facts," *see* Doc. 97, which is unsworn and thus does not qualify as an affidavit under Federal Rule 56. *See, e.g.*, Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17 (1970) *and* Chaiken v. VV Publishing Corp., 119 F.3d 1018, 1033 (2d Cir.1997) (holding same), *cert. denied*, 522 U.S. 1149 (1998). Even considering the unsworn statements, the Plaintiff again avoids specificity with respect to dates.[3]

The only reference to a specific date is Hunt's statement that he was released on January 12, 2001, and he "needed assistance" but his request was denied. *Id.* at ¶ 47.

---

2. Isoniazid, or INH, is an anti-bacterial drug that has been used to prevent and treat tuberculosis. See http://www.medicinenet.com/isoniazid_inh/article.htm.

3. *See* Doc. 97 at ¶ 7 (Hunt complained about liver damage in 1997, but never received tests "from 1997 to 2001"); *id.* at ¶ 8 (he was denied treatment for hepatitis beginning in 1997); *id.* at ¶ 34 (he was "retaliated against from 1997 to 2001"); *id.* at ¶ 35 (denied right to make grievances "from 1997 to 2001"); *id.* at ¶ 36 (harassed at sick call "from 1997 to 2001"); *and id.* at ¶ 48 (Defendants "were on notice that there were serious problems at sick call" and that he was being harassed "from 1997 to 2001").

In this regard, Hunt's Opposition Brief states:

> On the day [the P]laintiff was released from prison[,] the [D]efendants continued their unlawful conduct and retaliation against [him.] . . . [T]he [P]laintiff was ill and under doctor['s] orders not to lift, . . . yet [he] was forced to carry two boxes about 2 blocks to a bus stop[, resulting in] . . . [pain] all over, loud ringing in the ears[,] eyes burning, blurry vision, swelling in legs [and] hands, and suffering from breathing problems [such that] it took [him] about 45 minutes to walk two blocks. [The] Plaintiff even had trouble communicating with the bus driver.

*See* Doc. 96 at 7.

In sum, Hunt makes a claim -- unsupported by affidavit -- that he was released on January 12, 2001, and was denied assistance carrying his belongings.

B.  **Analysis**

As noted above, the bulk of Hunt's allegations concern the alleged denial of medical care in 1997 and 1998, which Hunt asserts "continued" until an unspecified date in 2001. Any incident occurring before January 10, 2001 is untimely, but Hunt attempts to save his claims under the "continuing violations" theory.

In this regard, the Plaintiff must show that: 1) there was at least one violation occurring within the limitations period, and 2) the Defendants' actions constituted more than isolated or sporadic incidents. West v. Philadelphia Electric Co., 45 F.3d

744, 745 (3d Cir. 1995). Hunt cannot meet either of these requirements.

1.  Has Hunt shown one violation within the limitations period?

In determining whether the first prong is met, "the crucial question is whether any [timely] violation exists." United Airlines, Inc. v. Evans, 431 U.S. 553, 558 (1977). On summary judgment, Hunt must present some affirmative evidence showing that constitutional harm occurred within the limitations period, *i.e.*, on or after January 10, 2001.

The gravamen of the Plaintiff's claim is that, upon being released from custody on January 12, 2001, he was denied assistance carrying his belongings. The facts supporting this claim, however, were alleged in a brief rather than in a sworn affidavit. Thus, the allegations are insufficient to survive a motion for summary judgment. *See, e.g.*, Nissho-Iwai Amer. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988) (improper affidavit is not competent to oppose summary judgment motion); U.S. v. Branella, 972 F. Supp. 294, 300 (D.N.J.1997) (same).

Even had the Plaintiff included his allegations in a sworn affidavit, his claims nevertheless are time barred. To proceed under Section 1983 based on the denial of medical care after release, an inmate must meet the deliberate indifference standard *and* show that he was prevented from obtaining necessary care.

*See* Wakefield v. Thompson, 177 F.3d 1160 (9th Cir. 1999) (release of prisoner without prescribed medication was sufficient to state claim). Unlike the plaintiff in Wakefield, Hunt does not allege that he was denied medicine or medical care on the date of his release. Rather, he was faced with a choice of either leaving his belongings behind, or carrying them to the bus stop. The alleged failure of prison personnel to offer assistance may be viewed as less than kind, but no provision of the Constitution or the laws of the United States required them to do so.[4]

2. Does the plaintiff allege more than isolated or sporadic acts?

Hunt cannot satisfy the second prong because the Defendants' failure to provide him with assistance was an "isolated or sporadic act" and not part of a "continuing violation."

Each of the incidents identified in Hunt's Amended Complaint involve discrete alleged constitutional violations. "[C]auses of action that can be brought individually expire with the applicable limitations period." O'Connor v. City of Newark, 440 F.3d 125, 128 (3d Cir. 2006). The continuing violations doctrine is applicable only when none of the incidents, alone, is not actionable. *Id.* As the Supreme Court made clear in

---

4. Notably, moreover, at least one Circuit Court has rejected outright "the proposition that the Eighth Amendment protects against deliberate indifference to serious medical needs following release from prison." See Butler v. Bayer, 2003 WL 1870883, *1 (9th Cir. Apr. 8, 2003).

National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), "discrete . . . acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges." Id. at 113; see also id. ("[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act").

Here, Hunt asserts a myriad of claims relating to denials of proper medical care long before January 10, 2001. The Defendants' failure to provide him assistance in carrying his belongings is unrelated, and it cannot revive the untimely claims.

For all of the reasons stated above, the Defendants' Motion for Summary Judgment should be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by April 19, 2007. Responses to objections are due by April 30, 2007.

April 3, 2007

Francis X. Caiazza
U.S. Magistrate Judge

cc:

Harold Hunt   (via first-class U.S. Mail)
145 North Sherman Street
Apartment 108
Wilkes Barre, PA   18702

Mariah Passarelli, Esq.   (via email)
Mary Lynch Friedline, Esq.
Susan J. Forney, Esq.